CLOSED,ACO,DJI,TransferredOutCase−DoNotDocket

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:25−cv−05005−PKC−CHK

| | |
|---|---|
| Nikolas v. Tenbarge | Date Filed: 09/05/2025 |
| Assigned to: Judge Pamela K. Chen | Date Terminated: 03/09/2026 |
| Referred to: Magistrate Judge Clay H. Kaminsky | Jury Demand: Plaintiff |
| Demand: $150,000,000 | Nature of Suit: 320 Assault Libel & Slander |
| Cause: 28:1332 Diversity−Libel,Assault,Slander | Jurisdiction: Diversity |

**Plaintiff**

**Alexa Nikolas**  represented by  **Jonah A. Grossbardt**
Freundlich Law, APC
16133 Ventura Blvd.
Suite 645
Encino, CA 91436
917−865−9851
Email: jonah@freundlichlaw.com
*ATTORNEY TO BE NOTICED*

**Rom Aric Bar−Nissim**
Heah Bar−Nissim LLP
1801 Century Park East
Suite 2400
Suite 2400
Los Angeles, CA 90067
310−432−2836
Email: rom@heahbarnissim.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth D. Freundlich**
Freundlich Law, APC
16133 Ventura Blvd.
Suite 1270
Encino, CA 90212
818−377−3790
Email: ken@freundlichlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kathryn Elizabeth Tenbarge**  represented by  **Aaron Gladstone**
Eisner Dictor & Lamadrid, P.C.
Sdny
39 Broadway Suite 1540
10006
New York, NY 10032
443−895−1303
Fax: 212−473−8705

Email: aaron@eisnerdictor.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/05/2025 | 1 | COMPLAINT against Kathryn Elizabeth Tenbarge filing fee $ 405, receipt number BNYEDC–19417213 Was the Disclosure Statement on Civil Cover Sheet completed –YES,, filed by Alexa Nikolas. (Attachments: # 1 Exhibit A 2024–03–09 Email from Taylor to Nikolas, # 2 Exhibit B 2024–03–09 Email from Taylor to Nikolas, # 3 Exhibit C 2023 Restraining Order, # 4 Exhibit D 2025 Renewed Restraining Order, # 5 Exhibit E Shirt Request for TRO, # 6 Exhibit F 2024–04–16 Email Tenbarge to Nikolas, # 7 Exhibit G 2024–04–19 Letter from Brettler to NBC, # 8 Exhibit H 2025–04–25 Tenbarge Email to Shift, # 9 Exhibit I 2025–04–25 Response from Shift, # 10 Exhibit J Shift Response to Tenbarge, # 11 Exhibit K Screenshots of Tenbarge Chats, # 12 Exhibit L 2024–09–17 Letter to Brettler to NBC, # 13 Exhibit M 2024–10–21 Letter from NBC to Brettler, # 14 Civil Cover Sheet) (Freundlich, Kenneth) (Entered: 09/05/2025) |
| 09/08/2025 |  | Case Assigned to Judge Pamela K. Chen and Magistrate Judge Clay H. Kaminsky. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (SDM) (Entered: 09/08/2025) |
| 09/08/2025 |  | Your proposed summons was not issued for one of the following reasons: **No summons provided, please submit summons. The event can be found under the event Other Documents – Proposed Summons/Civil Cover Sheet.,**<br><br>Please correct and resubmit using Proposed Summons/Civil Cover Sheet. (SDM) (Entered: 09/08/2025) |
| 09/08/2025 | 2 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf (SDM) (Entered: 09/08/2025) |
| 09/08/2025 | 3 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (SDM) (Entered: 09/08/2025) |
| 09/08/2025 | 4 | NOTICE of Appearance by Jonah A. Grossbardt on behalf of Alexa Nikolas (aty to be noticed) (Grossbardt, Jonah) (Entered: 09/08/2025) |
| 09/10/2025 | 5 | SCHEDULING ORDER: An initial conference will be held before Magistrate Judge Clay H. Kaminsky on **December 3, 2025, at 10:00 a.m.** in Courtroom 504 North. The parties must complete the attached proposed Discovery Plan and Scheduling Order and file it on ECF no later than **November 26, 2025.** Plaintiff is directed to ensure that Defendant is aware of this conference. Counsel with knowledge of the case must attend the conference; per diem counsel may not appear without prior permission of the Court. Ordered by Magistrate Judge Clay H. Kaminsky on 9/10/2025. (STH) (Entered: 09/10/2025) |
| 09/15/2025 |  | ORDER TO SHOW CAUSE: To establish this Court's subject matter jurisdiction absent a claim arising under federal law, the plaintiff must allege that there is complete diversity of citizenship |

|  |  |  |
|---|---|---|
|  |  | between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. While Plaintiff's complaint alleges that she is a resident of California, *see* ECF No. 1 para. 7, and that Defendant is a resident of New York, *Id.*, a statement of residency is insufficient to establish diversity jurisdiction. *See, e.g., Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("[R]esidence alone is insufficient to establish domicile for jurisdictional purposes."). <br><br> Plaintiff is directed to show cause, on or before **September 22, 2025**, why her complaint should not be dismissed without prejudice for lack of subject matter jurisdiction, as she concedes that her complaint contains no viable claims arising under federal law and her complaint fails to sufficiently allege diversity jurisdiction. Ordered by Magistrate Judge Clay H. Kaminsky on 9/15/2025. (MAS) (Entered: 09/15/2025) |
| 09/19/2025 | Ï 6 | RESPONSE TO ORDER TO SHOW CAUSE by Alexa Nikolas (Attachments: # 1 Exhibit A Tenbarge's LinkedIn Page, # 2 Exhibit B Printout of Tenbarge's RocketReach page, # 3 Exhibit C Printout of Tenbarge's Muck Rack page, # 4 Exhibit D Printout of Redacted Tenbarge Background Report, # 5 Exhibit E Printout of Tenbarge's Bluesky posts) (Grossbardt, Jonah) (Entered: 09/19/2025) |
| 09/19/2025 | Ï 7 | Proposed Summons. Re 1 Complaint,,, by Alexa Nikolas (Grossbardt, Jonah) (Entered: 09/19/2025) |
| 09/22/2025 | Ï 8 | MOTION to Appear Pro Hac Vice *for Rom Bar–Nissim* Filing fee $ 200, receipt number ANYEDC–19463860 by Alexa Nikolas. (Attachments: # 1 Affidavit in Support Declaration of Rom Bar–Nissim in support of Motion to Appear Pro Hac Vice, # 2 Exhibit Exhibit A to Rom Bar–Nissim Declaration) (Bar–Nissim, Rom) (Entered: 09/22/2025) |
| 09/22/2025 | Ï 9 | Summons Issued as to Kathryn Elizabeth Tenbarge. (MLR) (Entered: 09/22/2025) |
| 09/23/2025 | Ï | ORDER granting 8 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the 200 admission fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee*. Ordered by Magistrate Judge Clay H. Kaminsky on 9/23/2025. (STH) (Entered: 09/23/2025) |
| 11/24/2025 | Ï 10 | MOTION for Leave to File Document *EX PARTE NOTICE OF MOTION FOR EXTENSION OF TIME TO SERVE AND FOR ALTERNATIVE SERVICE PURSUANT TO FRCP (4)(m), 4(e)(1), AND CPLR § 308(5)* by Alexa Nikolas. (Attachments: # 1 Memorandum in Support of Motion to extend Time to Serve and Alternate Service, # 2 Declaration of Rom Bar–Nissim, # 3 Exhibit A LinkedIn, # 4 Exhibit B Spitfire, # 5 Exhibit C Blue Systems Background Report, # 6 Exhibit D Background Report, # 7 Exhibit E Service Documents, # 8 Exhibit F Bluesky, # 9 Exhibit G Instagram, # 10 Exhibit H Spitfire, # 11 Exhibit I SOS Beehiive, # 12 Proposed Order to extend Time to Serve and Alternate Service) (Grossbardt, Jonah) (Entered: 11/24/2025) |
| 11/26/2025 | Ï | SCHEDULING ORDER: The initial conference scheduled for **December 3, 2025**, will now be held telephonically and all parties should appear remotely. To access this conference, the parties are directed to call the number 571–353–2301, enter the call ID number 657415711, and then press #. The parties shall dial in ten (10) minutes before the conference. The Court will address Plaintiff's 10 motion at the conference. Ordered by Magistrate Judge Clay H. Kaminsky on 11/26/2025. (MAS) (Entered: 11/26/2025) |
| 12/03/2025 | Ï | Minute entry for proceedings held before Magistrate Judge Clay H. Kaminsky: An initial conference was held telephonically on December 3, 2025. Rom Bar–Nissim and Jonah Grossbardt appeared on behalf of the Plaintiff Alexa Nikolas; no appearance on behalf of the defense. <br><br> Plaintiff's 10 Motion for Alternative Service was discussed. That motion will be granted by separate Order. Counsel for the plaintiff shall have two weeks from the date of the Court's Order to serve Defendant with the Complaint and a copy of the Court's Order and shall file proof of service on the |

| | | |
|---|---|---|
| | | docket. (CISCO Log # 10:00 a.m. – 10:13 a.m.) (STH) (Entered: 12/09/2025) |
| 12/09/2025 | Ï 11 | ORDER: For the reasons stated in the attached Order, Plaintiff's 10 Motion for Extension of Time to Serve and for Alternative Service is granted in part. Plaintiff shall have until **December 23, 2025** to serve Defendant and file a detailed affidavit of service on the docket. Ordered by Magistrate Judge Clay H. Kaminsky on 12/9/2025. (MAS) (Entered: 12/09/2025) |
| 12/14/2025 | Ï 12 | NOTICE of Appearance by Aaron Gladstone on behalf of Kathryn Elizabeth Tenbarge (aty to be noticed) (Gladstone, Aaron) (Entered: 12/14/2025) |
| 12/14/2025 | Ï 13 | First MOTION for Extension of Time to File *Responsive Papers* by Kathryn Elizabeth Tenbarge. (Gladstone, Aaron) Modified on 12/15/2025 (STH). (Entered: 12/14/2025) |
| 12/15/2025 | Ï | ORDER granting 13 Motion for Extension of Time to File Responsive Papers by stipulation. Defendant Kathryn Elizabeth Tenbarge shall answer or otherwise respond to the Complaint on or before **January 30, 2026.** Ordered by Magistrate Judge Clay H. Kaminsky on 12/15/2025. (STH) (Entered: 12/15/2025) |
| 12/29/2025 | Ï | ORDER: Plaintiff was directed to file an affidavit of service by December 23, 2025. She shall do so by **January 6, 2026**. Ordered by Magistrate Judge Clay H. Kaminsky on 12/29/2025. (MAS) (Entered: 12/29/2025) |
| 01/05/2026 | Ï 14 | SUMMONS Returned Executed by Alexa Nikolas. Kathryn Elizabeth Tenbarge served on 12/11/2025, answer due 1/30/2026. (Attachments: # 1 Exhibit Affidavits of Service) (Grossbardt, Jonah) (Entered: 01/05/2026) |
| 01/29/2026 | Ï 15 | NOTICE of Appearance by Aaron Gladstone on behalf of All Defendants (notification declined or already on case) (Gladstone, Aaron) (Entered: 01/29/2026) |
| 01/30/2026 | Ï 16 | MOTION for Pre Motion Conference/First Motion to Dismiss for Failure to State a Claim *among other reasons,* by Kathryn Elizabeth Tenbarge. (Gladstone, Aaron) This event was erroneously filed as a motion to dismiss. It has been modified on 1/30/2026 to correct the ECF filing event. (FA) (Entered: 01/30/2026) |
| 02/06/2026 | Ï 17 | RESPONSE in Opposition re 16 MOTION for pre motion conference filed by Alexa Nikolas. (Bar−Nissim, Rom) (Entered: 02/06/2026) |
| 02/19/2026 | Ï | ORDER: The Court has received Defendant's 16 request for a pre−motion conference ("PMC") and Plaintiff's 17 response. Defendant states that she intends to move to dismiss for inadequate service of process, among other reasons. (Dkt. 16 at 1&ndash;2.) On this issue, the Court holds that Plaintiff's service of process upon Defendant via three of the four methods of alternative service set forth in Magistrate Judge Clay H. Kaminsky's Order, (Dkt. 11), was sufficient to satisfy due process and the requirements of Rule 4(e) of the Federal Rules of Civil Procedure, especially in light of the evidence that these methods provided Defendant with actual notice, (*see* Dkt. 14).<br><br>Defendant also states that she intends to move to dismiss based on improper venue and lack of personal jurisdiction because Defendant was domiciled in New Jersey on the date this lawsuit was filed and no events or omissions material to Plaintiff's claim occurred in this District. (Dkt. 16 at 2.) Plaintiff states in response that she "has agreed to stipulate to transfer the present action to the District of New Jersey" if doing so "resolves the issues of personal jurisdiction and venue and allows the litigation to proceed on the merits." (Dkt. 17 at 3.) The Court orders Defendant to file a letter by **March 5, 2026** stating whether she consents to the proposed venue transfer. Ordered by Judge Pamela K. Chen on 2/19/2026. (JEC) (Entered: 02/19/2026) |
| 03/05/2026 | Ï 18 | Letter *Regarding Defendant's Proposed MTD* by Kathryn Elizabeth Tenbarge (Gladstone, Aaron) (Entered: 03/05/2026) |

| 03/09/2026 | Ï | TRANSFER ORDER: The Court denies Defendant's 16 request for a pre−motion conference ("PMC") regarding an anticipated motion to dismiss. Defendant stated in her PMC request that "at the time this suit was filed, September 5, 2025, Defendant was not domiciled in New York, but rather in New Jersey." (PMC Request, Dkt. 16, at 2.) Defendant thus argued, *inter alia*, that this Court lacks personal jurisdiction over her and that venue is improper in this District. (*Id.*) Defendant now, however, states that she does not consent to a venue transfer to the United States District Court for the District of New Jersey and argues that this Court should instead dismiss the case on the merits. (Dkt. 18.) The Court disagrees. Contrary to Defendant's argument, the Court does not find Plaintiff "so plainly fails to allege a viable claim that transfer would not serve the interest of justice." (Dkt. 18, at 1 (citing *Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004)).) And given Defendant's factual representations that she lives in New Jersey and "no substantial part of the events or omissions giving rise to [Plaintiff's] claim occurred in this District," (PMC Request, Dkt. 16, at 2), the Court finds that transfer is warranted. This case is therefore transferred to the United States District Court for the District of New Jersey. 28 U.S.C. §§ 1391(b), 1406(a). Any decision on the merits of Plaintiff's case is reserved for the transferee court. Ordered by Judge Pamela K. Chen on 3/9/2026. (FA) (Entered: 03/09/2026) |
| --- | --- | --- |
| 03/09/2026 | Ï | Case electronically transferred to the District of New Jersey. **ALL FILINGS ARE TO BE MADE IN THE TRANSFER COURT, DO NOT DOCKET TO THIS CASE.** (FA) (Entered: 03/09/2026) |